## GRIGGS vs. DANIEL.

1. On a bill filed for the recovery of a negro, and the only evidence o title relied on by complainant was a deed from one Tinly, reciting on its face that he had conveyed said negro previously to another person : *Held*, That the plaintiff had no right to recover, and the bill was properly ordered to be dismissed.

Decision by Judge WORRILL, at Taylor Superior Court, at April Term, 1860.

The complainant, Sarah Jane Griggs, filed her bill in Taylor Superior Court, against John Daniel, whereby she alleged that she was the duly and legally qualified trustee of Nancy Griggs. The said complainant founded her claim to the property mentioned in the bill upon the following instrument in writing :

" GEORGIA—RICHMOND COUNTY :

" Whereas, about the year 1812, I, John Tinly, of the county and State aforesaid, executed a deed of gift to my daugter Rebecca Daniel, formerly Tinly, and the heirs of her body, to a certain negro girl named Katy, about twelve years of age, which deed has been destroyed ; and whereas I wish to secure to Nancy Griggs, formerly Tinly, the daughter of the said Rebecca, the said negro Katy and her increase, since the destruction of said deed : Now, this indenture, made and entered into this 25th day of June, 1836, between John Tinly, of the county and State aforesaid, of the one part, and Thomas Griggs, of the county of Talbot, and State aforesaid, of the other part, witnesseth that I, the said John Tinly, for and in consideration of the love and affection which I have for my daughter, Nancy Griggs, and also for and in consideration of the sum of five dollars, to me in hand paid by Thomas Griggs, the husband of the said Nancy Griggs, the receipt of which I hereby acknowledge, have granted and sold unto the said Thomas Griggs, to and for the serarate use of the said Nancy Griggs, and the heirs of her body, the said negro girl Katy and her child Rose, born since the making and execution of the deed mentioned in the first part of this instrument, to have and to hold the said

negroes, Katy and Rose, together with their future increase, unto the said Thomas Griggs, his heirs and assigns forever, to and for the sole benefit and use of the said Nancy Griggs and the heirs of her body, as aforesaid; and the said negroes are in no wise, and under no circumstances, to be subject to any debts of her husband, Thomas Griggs. A ı l ı John Tinly do, by these presents, warrant and defenı the said negroes unto the said Thomas Griggs, his executors and administrators in trust as aforesaid, against me and my heirs, and all and every person whatever.

his<br>
"JOHN ⋈ TINLY.<br>
mark.

"Signed, sealed and delivered in presence of
"Geo. M. Walker,
"A. J. Miller, N. P."

The Court, upon the hearing, dismissed the bill, upon the ground that complainant could not recover upon the deed mentioned in said bill.   The complainant excepted, and assigns the same as error.

J. T. May, for plaintiff in error.

Grice & Walker, *contra.*

*By the Court.*—Lyon, J., delivering the opinion.

This was a bill filed for the recovery of a negro woman named Rose.   Some reasons are given in the bill why resort was had to a Court of Equity, instead of prosecuting her rights at law, which are not necessary to notice in this place. The whole title of the complainant to the negro, as set out in the bill, and on which a recovery depended, was a deed of gift made by John Tinly, the grand-father of complainant, on 25th June, 1836, in which John Tinly recites that he, about the year 1812, executed a deed of gift to his daughter, Rebecca Daniel, who was the mother of Sarah Jane Griggs, for whose benefit this bill was filed, and the heirs of her body, to a certain negro girl named Katy, about twelve years old.   Which deed has been destroyed, and whereas I wish to secure to Nancy Griggs, formerly Tinly, the daughter of said Rebecca, the said negro girl Katy and her increase:

Griggs *vs*. Daniel.

Now, this indenture, made, etc. The deed then goes on regularly to convey said negro Katy and her child, Rose, to Thomas Griggs, in trust for Nancy Griggs. There is no allegation in the bill that the grantor had the possession of the negroes, or the right to convey them. The defendant answered the bill, and the parties went to trial. Upon the reading of the bill to the jury, defendant moved to dismiss the bill on various grounds, among others, that there was no equity in the bill. The Court sustained the motion, and as the parties were before the jury, a verdict was taken in conformity to the decision of the Court. Complainant excepted to the rulings of the Court and decree of the jury.

We think that the ruling of the Court, dismissing the bill for want of equity, was right. The complainant showed no title whatever—no right to a recovery. The deed of gift from John Tinly, made in 1836, showed on its face, and was a part of the deed, that he, John Tinly, had no title to the negro Katy and her child Rose, but that, by deed of gift made in 1812, twenty-four years previously, he had parted with his title to the negro, to Rebecca Daniel. Therefore, he had no other title to convey to Mrs. Griggs. His title conveyed none, and Mrs. Griggs got none by that deed; hence, there was no equity in the bill, and it was properly ordered to be dismissed.

The taking of a decree was certainly irregular, but that does not seem to have been done by the order of the Court, or against the objection of complainant. We can not review that, unless it was the act of the Court, which it does not appear to be.

Judgment affirmed.